THE ST. LOUIS MUTUAL FIRE & MARINE INS. CO., Respondent, *vs.* BOECKLER *et al.*, Appellants.

1. Under the charter of the St. Louis Mutual Fire and Marine Insurance company, assessments may be made after the expiration of a policy for losses incurred during its continuance.
2. When it is stipulated that a cause shall be decided in the supreme court upon the facts found by the court below, no other facts will be considered than those contained in the finding.
3. The company, under its charter, is entitled to retain a premium note until all losses liable to be assessed against it are paid.
4. Under that charter, if a member fails to pay an assessment within thirty days after publication of notice, the company may recover the whole amount of the premium note.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit instituted by the respondent on the 22d of December, 1852, against the appellants, upon the following premium note :

" $150.

" For value received in policy dated May 26, 1851, insured

by the St. Louis Mutual Fire and Marine Insurance company, we promise to pay said company (or their treasurer for the time being,) the sum of one hundred and fifty dollars, in such portions, and at such time or times as the directors of said company may, agreeably to the act of incorporation, require.

"BOECKLER, HIRSCHBERG & Co."

The record contains a stipulation by the respective counsel that the case shall be submitted to this court upon the facts found by the court below, which were substantially as follows :

That on the 26th of May, 1851, the defendants effected an insurance for one year from that date, and executed to the company the note sued upon; that during the continuance of their policy, the company sustained losses amounting to upwards of fifty-one per cent. of the premium notes against which they were liable to be assessed ; that after the expiration of the defendants' policy, and on the 15th of July, 1852, the company made an assessment of twenty per cent. upon the premium notes given by the defendants and the other members of the company ; "that notice of said assessment was given in one or more newspapers published in the city of St. Louis, the first publication of which was on the second or third day after said assessment was made, and said notice was continued in said papers until the 1st of September, 1852, and notice was also sent to the defendants ;" that before this suit was instituted, the defendants tendered to plaintiff the amount of the assessment of twenty per cent., upon condition that the premium note was delivered up. Plaintiff refused to accept the tender and deliver up the note.

Upon these facts, the court gave judgment for the plaintiff for the full amount of the note, less fifteen dollars paid when the same was given, and the defendants appealed. The charter of the company may be found in the session acts of 1851, p. 80. Its provisions, so far as they bear upon the questions in this case, sufficiently appear in the opinion of the court.

*C. B. Lord*, for appellants. 1. The appellants are not liable for any assessments made after they ceased to be mem-

bers of the company. See charter, secs. 2, 10, 13, 18. 2. They are not bound to pay or contribute towards any losses until assessment duly made in accordance with the charter. Secs. 18, 12, 13. Art. 3, sec. 1 of by-laws. 3. Upon tendering the assessed amount due for losses, their policy having expired, they were discharged from all obligation to the company. Secs. 10, 13. 4. The respondent is not entitled to recover the whole amount of the note. The whole amount is to be collected only upon neglect or refusal of a member to pay the sum *assessed.* Sec. 18. There was no assessment beyond the twenty per cent. which appellants offered to pay.

*Krum & Harding,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

The defendants having given their note to pay the plaintiff the sum of $150, " in such portions, and at such time or times as the directors of said company may, agreeably to their act of incorporation, require," several points have been presented in their behalf for the reversal of the judgment, which was given against them for the whole amount of the note.

1. It is insisted that, by effecting insurance with the plaintiff, the defendants became members of the company during the continuance of their policy and no longer, and that, after they ceased to be members, no assessment could be made against them, even on account of losses happening while they were members.

It is true that, by the second section of the charter, a person effecting insurance with the company continues a member only so long as the policy lasts, but such membership is not a necessary ingredient in the liability of those who have given their notes to the company on becoming members. The notes bind the parties who are makers to pay the money on calls made in pursuance of the charter, and the tenth section of the charter provides that, " at the expiration of the term of insurance, the note or such part of the same as shall remain unpaid

*after deducting all losses and expenses accruing during said time, shall be given up to the signers* thereof. The note is to be given up at the expiration of the policy, after deducting losses and expenses happening during its continuance. The note continues obligatory, so far as losses happened during the term of insurance. The twelfth section makes every member responsible for his proportion of losses happening to the company. These defendants were liable to the company for their proportion of the losses happening while they were members, and they were entitled to have their note surrendered, only when their proportion of those losses was paid. The finding of the court is, that a large per cent. of the amount of the note was required to pay such losses. The 18th section directs the proceedings to be adopted by the directors in making assessments upon the members to meet losses. Although the word "member" is used in the section, it embraces, by the context of the section, all who have become members of the company by insuring therein, and who are liable for a proportion of losses occurring while their insurance continued, whether their membership has ceased or not. The assessment for losses may then be made after the membership ceases.

2. It is insisted that the finding by the law commissioner does not show that notice of the assessment made upon defendants' note, was duly published. The 18th section requires that, after a loss occurs, the directors "shall settle and determine the sum to be paid by the several members, as their respective proportion of said loss, and publish the same in such manner as they shall see fit, or as the by-laws may have prescribed, and the sum to be paid by each member shall always be in proportion to the amount of his premium note, and shall be paid to the treasurer within thirty *days next after the publication of said notice.* The record shows that the parties have agreed that the case shall be determined upon the facts found by the law commissioner and his conclusions of law pronounced thereon. He finds nothing about by-laws in relation to notice, and he finds a publication of notice which conforms to the charter.

The question as to the conformity of the notice to a by-law does not arise on the finding.

3. The defendants claim that, having tendered the amount now assessed, upon condition that their note should be surrendered to them, they were not liable to this action, although the finding of the court shows that there are still other losses which happened during the period of the defendants' insurance, for which no assessments have yet been made.

When we determine that the defendants continue liable upon their note for their proportion of losses happening while their insurance continued, and that assessments for such losses may be made after the expiration of their policy, it follows that they were not entitled to their note, until all the losses for which they were liable were satisfied, and consequently, their tender was upon a condition they had no right to impose.

4. It is insisted that judgment was improperly rendered for the whole amount of the note, after deducting a payment of fifteen dollars, made when the insurance was first effected.

The 18th section of the charter expressly provides that, upon a failure to pay any assessment upon a note, the whole amount of the note may be recovered in an action upon it, and that the amount thus recovered shall remain in the treasury of the company, subject to the payment of losses that may thereafter accrue, and the balance, if any, shall be returned to the party from whom it was collected, on demand, after thirty days from the term for which insurance was effected. There are several provisions of this charter which appear to be incongruous. It is evidently the design of some of the sections to make every person insuring in the company a partner or member—responsible for his share of losses happening while he was a member, and yet it is plainly within the contemplation of other sections, that his liability should be ascertained and settled within the period of thirty days from the expiration of his policy. We take the chief design of the act to be, to form an association for mutual indemnity, in which each member shall be liable for his proportion of losses happening while he con-

tinues a member, enjoying the benefits of the indemnity against loss on his part, and that the provisions about time are secondary and subordinate to this main design of the act. Construing the act, then, " liberally to effect the ends and purposes thereby intended and contemplated," as we are directed in the 27th section, we hold that a party failing to pay an assessment, when made, is liable to pay the whole amount of his premium note, notwithstanding the provision that the note is to be returned to him on demand, after thirty days from the expiration of his policy.

The judgment is, with the concurrence of the other judges, affirmed.